John L. Krieger (Nevada Bar No. 6023)
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
JKrieger@LRRLaw.com

Ann K. Ford (Admitted *pro hac vice*)
John M. Nading (Admitted *pro hac vice*)
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 799-4140
Facsimile: (202) 799-5140
ann.ford@dlapiper.com
john.nading@dlapiper.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CFA INSTITUTE,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT HIXON and<br>HIXON HOLDINGS, LLC,<br><br>    Defendants. | Case No.: 2:13-02258-JCM-NJK<br><br>**CONSENT JUDGMENT** |

Plaintiff CFA Institute ("CFA Institute" or "Plaintiff"), and Defendants Robert Hixon ("Hixon") and Hixon Holdings, LLC ("Hixon Holdings") (Hixon and Hixon Holdings, collectively "Defendants"), agree to the entry of a Consent Judgment as follows:

Defendants have infringed the registered trademark rights of CFA Institute in and to the trademarks CFA, CFA INSTITUTE, CFA CHARTERED FINANCIAL ANALYST, and CHARTERED FINANCIAL ANALYST (collectively, the "CFA Marks") under 15 U.S.C. § 1114 and the State of Nevada common law; have committed acts of false designation of origin, false or misleading description of fact, or false or misleading representation in violation of the rights of CFA Institute under 15 U.S.C. § 1125(a); have infringed and diluted CFA Institute's

EAST\73165343.3

1  trademark rights in violation of 15 U.S.C. § 1125(c) and Nevada common law; are in violation of the Federal Anti-Cybersquatting Piracy Act, 15 U.S.C. § 1125(d); and have been unjustly enriched in violation of the State of Nevada common law;

Accordingly, Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, are permanently enjoined and restrained from:

1. imitating, copying, or making any infringing use of the trademarks CFA, CFA INSTITUTE, CFA NETWORK, CFA NETWORK.COM, and CERTIFIED FINANCIAL ADVISOR (collectively, the "Infringing CFA Marks"), the CFA Marks of CFA Institute, and any other mark now or hereafter confusingly similar to the CFA Marks;

2. filing any trademark application for any trademark for or incorporating the Infringing CFA Marks, the CFA Marks of CFA Institute, or any other designation that is confusingly similar to the CFA Marks;

3. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the CFA Marks, Defendants' Infringing CFA Marks, or any mark confusingly similar thereto;

4. using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any good or service has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for CFA Institute, when such is not true in fact;

5. using the names, logos, or other variations thereof of the CFA Marks or Defendants' Infringing CFA Marks in any of Defendants' trade or corporate names;

6. engaging in any other activity constituting an infringement of the CFA Marks, or of the rights of CFA Institute in, or right to use or to exploit the CFA Marks; and

7. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (1) through (6) above;

Defendants and/or the current registrar are ordered to effectuate transfer of the registration of any and all domain names incorporating Defendants' Infringing CFA Marks or the CFA Marks, including but not limited to the domain names <cfanetwork.com>, <cfainstitute.co>, and <cfa.la>, to CFA Institute.

This Court shall maintain limited jurisdiction for the purposes of enforcing the terms of the Settlement Agreement between Plaintiff and Defendants. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (permitting federal courts to maintain jurisdiction over settlement agreements so long as jurisdiction expressly retained in order of dismissal); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997) (applying *Kokkonen* exception).

IT IS SO STIPULATED AND AGREED: APRIL 10, 2014

Dated: April 14, 2014

By: _____

John L. Krieger (Nevada Bar No. 6023)
Ann K. Ford (Admitted *pro hoc vice*)
John M. Nading (Admitted *pro hoc vice*)

*Attorneys for Plaintiff*

Dated: March __, 2014

By: _____

Robert Hixon (*pro se*)
848 North Rainbow Boulevard, #425
Las Vegas, Nevada 89107
robhixon@gmail.com
hixonholdings@gmail.com

On behalf of himself and Hixon Holdings, LLC

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: April 17, 2014.

EAST\73165343.3 -3-